## Ramsey v. Harnett

*Marc L. Marks*, for plaintiff.

*Martin E. Cusick* and *William J. Joyce*, for defendant.

RODGERS, P. J., July 9, 1956.—This matter comes before the court on preliminary objections filed by defendant to the complaint of plaintiffs.

On April 27, 1956, a complaint in trespass was filed by Harry Ramsey, a minor, by his father, James Ramsey, and by James Ramsey, in his own right, to recover damages for personal injuries alleged to have

been sustained by minor plaintiff on March 31, 1956, when minor plaintiff was involved in an accident in a collision with an automobile allegedly being driven by defendant. In the complaint, it is alleged that minor plaintiff was operating the car in which he was riding and that the car was owned by his father, plaintiff, James Ramsey.

Plaintiff, James Ramsey, in addition to seeking recovery for the personal injuries of minor plaintiff, seeks to recover for the damage allegedly sustained to his vehicle. The complaint does not indicate whether plaintiff, James Ramsey, was in the vehicle being operated by minor plaintiff at the time of the accident.

Paragraph 10 of plaintiff's complaint alleges:

"(10) The negligence of the defendant consisted of the following:

"(a) In failing to have his car under proper control;

"(b) In crossing over into the wrong lane of traffic and crashing into the automobile driven by the minor plaintiff;

"(c) In failing to yield the right of way;

"(d) In failing to permit the minor plaintiff to pass the automobile of the defendant as is provided for by law;

"(e) In failing to abide by the proper rules of the road as set up by the legislature of Pennsylvania."

The complaint was served on defendant on April 30, 1956, and preliminary objections were filed by defendant to the complaint on May 21, 1956, asking that the complaint be made more specific in averring the specific statutory duty alleged to have been violated under paragraph 10(e) of the complaint of plaintiff, and asking that the complaint be made more specific in stating whether or not plaintiff, James Ramsey, was present in the automobile at the time of the accident.

The questions for consideration suggested by defendant are as follows:

"I. Where a Complaint avers that the defendant is negligent 'in failing to abide by the proper rules of the road as set up by the legislature of Pennsylvania', is the defendant entitled to have such averment made more specific?

"II. Where the plaintiff owner of an automobile seeks to recover for damages caused to the automobile, and for personal injuries sustained by his minor child while the latter was operating his automobile, is the Complaint sufficiently specific where it does not appear in the Complaint whether the plaintiff owner was in the vehicle at the time of the accident?"

In consideration of the first question it may be said that if the quoted phrase had been the only statement of negligence alleged in plaintiff's complaint, that there would perhaps be some merit in defendant's position. However, a study of the complaint shows that there are four very specific acts of negligence alleged to have been committed by defendant and that actually the fifth statement is merely a summary of the first four and would certainly be considered as surplusage. We do not believe that defendant is justified in asking for a more specific complaint under these facts. It is also clear, however, that the allegations set out under 10 (e) will at the trial of the case be considered surplusage and cannot be taken advantage of by plaintiff as a catch-all in any attempt to introduce evidence not covered by a proper allegation in the complaint.

The court must also rule against defendant on his second suggested question. That is, the only material facts which a plaintiff need plead are those which establish the elements of the claim upon which the suit is brought: Mangan v. Egen, 51 Lack. Jur. 153 (1949). The question of whether the father was present in the car is not a question or a fact upon which plaintiff bases his cause of action. It is an evidential matter which will be developed at the trial. If, how-

ever, defendant feels that the fact is one which he needs to be informed on before he can properly answer the complaint, he has, of course, the Rules of Civil Procedure available permitting him to take depositions or to forward interrogatories on the subject: Pa. R. C. P. 4007 (*a*).

Defendant's motion that plaintiffs be required to file a more specific complaint is denied.

### Order

And now, July 9, 1956, the preliminary objections of defendant in the nature of a motion to require plaintiff to file a more specific complaint, are dismissed, and the motion of defendant is denied, and defendant is directed to plead to the complaint sec. leg.

### Exception

And now, July 9, 1956, to the foregoing order of court, counsel for defendant excepts, and eo die, a bill of exceptions is sealed for defendant.